UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT VAN CLEAVE,

                    Petitioner,

                                                CASE NO. 2:07-CV-11899
        v.                                      JUDGE PAUL D. BORMAN
                                                MAGISTRATE JUDGE PAUL J. KOMIVES

JEFF WHITE,

                    Respondent.[1]

_____/


# **REPORT AND RECOMMENDATION**

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        A.      *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        B.      *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        C.      *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        D.      *Improper Bolstering (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
                1.      *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
                2.      *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        E.      *Ineffective Assistance of Counsel (Claim II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
                1.      *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
                2.      *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
                        a. Failure to Object to Bolstering and Request Curative Instruction . . . . . . . . . . . . . 12
                        b. Failure to Object to Inadmissible Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
                        c. Failure to Present Expert Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
                        d. Stipulating to Amendment of Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
                3.      *Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
        F.      *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 22
                1.      *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
                2.      *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
        G.      *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

_____

        [1]By Order entered this date, Jeff White has been substituted in place of Kenneth Romanowski as the proper respondent in this action.

I.      <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.

II.     <u>REPORT</u>:

A.      *Procedural History*

1.      Petitioner Robert Van Cleave is a state prisoner, currently confined at the Mound Correctional Facility in Detroit, Michigan.

2.      On January 13, 2004, petitioner was convicted of three counts of first degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a), following a jury trial in the Oakland County Circuit Court.  On February 11, 2004, he was sentenced to a concurrent terms of 10-30 years' imprisonment on each conviction.

3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

I.      THE ADDITION OF A THIRD COUNT WITHOUT A PRELIMINARY EXAMINATION IS REVERSIBLE ERROR AND DENIED APPELLANT A FAIR TRIAL.

II.     THE PROSECUTION IMPROPERLY BOLSTERED THE TESTIMONY OF THE COMPLAINANT IN ITS CASE IN CHIEF.

III.    THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

IV.     THE PROSECUTION VIOLATED DOUBLE JEOPARDY AND ENGAGED IN PROSECUTORIAL MISCONDUCT.

V.      APPELLANT WAS DENIED HIS STATUTORY RIGHT TO A POLYGRAPH EXAMINATION.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence.

*See People v. Van Cleave*, No. 253946, 2005 WL 1123884 (Mich. Ct. App. May 12, 2005) (per

curiam).

4.      Petitioner sought leave to appeal these issues to the Michigan Supreme Court.  The
Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People
v. Van Cleave*, 474 Mich. 1025, 708 N.W.2d 430 (2006).

5.      Petitioner, through counsel, filed the instant application for a writ of habeas corpus
on April 30, 2007.  As grounds for the writ of habeas corpus, he raises the bolstering and ineffective
assistance of counsel claims that he raised on direct appeal.

6.      Respondent filed his answer on November 5, 2007.  He contends that petitioner's
claim bolstering claim is barred by petitioner's procedural default, and that all of petitioner's claims
are without merit.

B.      *Factual Background Underlying Petitioner's Conviction*

Petitioner was originally charged with four counts of first degree criminal sexual conduct
(CSC-I) in two separate cases, all involving allegations of assault against his niece, Tiffany
Collinsworth.  In one case, petitioner was charged with one count of CSC-I involving an alleged act
of penile penetration at his home in Rochester Hills.  In the second case, petitioner was charged with
three counts of CSC-I involving allegations of digital penetration occurring in Ferndale.  At
petitioner's first trial, the jury acquitted him of the penile penetration count alleged to have occurred
in Rochester Hills, Michigan.  The jury deadlocked as to two of the digital penetration counts.  It
is not clear whether the third digital penetration count was actually submitted to the jury, but the jury
apparently did not consider that count.  The prosecutor then re-charged petitioner with the three
digital penetrations counts.  The evidence adduced at petitioner's second trial, at which petitioner
was convicted, was accurately summarized in the prosecutor's brief in the Michigan Court of

3

Appeals:

        During trial, seventeen-year-old Tiffany Collinsworth testified that Defendant was her uncle. (Tr I, 6). Tiffany's mother is a sister to Defendant's wife. (Tr I, 4). When Tiffany was four to six years old, she lived two doors down from Defendant in Ferndale. (Tr I, 8). During the summer of 1993, Tiffany would often stay at her aunt's house because her little sister had open-heart surgery. (Tr I, 19). On more than three occasions during the summer of 1993, Defendant woke Tiffany up, took her to the laundry room, placed her on top of the washing machine and touched the inside of her vagina with his finger. (Tr I, 21-23, 25). Defendant told Tiffany not to say anything or she would be taken away from her mother and aunt (Tr I, 25). Defendant stopped abusing Tiffany when she was twelve years old because she kicked him in the shoulder and told him she was going to tell. (Tr I, 29).

        When Tiffany was sixteen years old, Defendant asked her to show him her "tits." (Tr I, 29). Shortly thereafter, [Tiffany] told her cousin Jennifer Furlong what Defendant had done to her (Tr I, 29). Furlong was talking to Tiffany about avoiding situations that might arise at parties. (Tr I, 21-32). Furlong asked Tiffany if anything had ever happened to her and Tiffany did not say anything for a few minutes but then admitted what Defendant had done to her. (Tr I, 31-32). Tiffany told Furlong not to tell anyone what she had said. (Tr I, 32). A month later, Tiffany's mother asked her about the abuse. (Tr I, 33). Tiffany told her mother about the abuse and her mother immediately took her to the police to make a report. (Tr I, 33).

        Renee Collinsworth, Tiffany's mother, testified that she lost her leg in a motorcycle accident in 1986 and her sister Tina moved back to Michigan to help her. (Tr I, 70). Renee's daughter Annika had surgery in the summer of 1993 and Tiffany stayed with Renee's sister and Defendant. (Tr I, 72). Renee first found out about the abuse [from] her mother. (Tr I, 76). Renee said that her daughter was a truthful person. (Tr I, 76). When asked by defense counsel if Tiffany ever lied, Renee responded that she had never caught her in a lie. (Tr I, 78). Renee testified that when Tiffany had nightmares, she screamed Defendant's name. (Tr I, 84).

        Tina Van Cleave, Defendant's wife, testified that Defendant played a lot of poker and would come home late at night. (Tr I, 94-95). Tina was hard of hearing in the left ear. (Tr I, 95).

        Jennifer Furlong testified that when she was twenty-one years old, she was driving with Tiffany and she spoke to her about situations that may arise at parties. (Tr I, 122). Furlong noticed that Tiffany got very quiet which is strange because she was usually a chatterbox. (Tr I, 122). Furlong asked Tiffany what was wrong. (Tr I, 123). Tiffany eventually told Furlong what Defendant had done to her but Tiffany made Furlong promise not to tell anyone. (Tr I, 123). Furlong broke that promise and told her cousin who in turn told her grandmother who told Tiffany's mother. (Tr I, 124).

        Oakland County Sheriff's Detective Hal Bigelow testified that he spoke to Defendant in 1993 about an incident with his niece Sonja Saari. (Tr I, 133).

Defendant said he tickled Sonja and his hand went up inside her shorts and that he touched the area around her vagina. (Tr I, 134). Oakland County Sheriff's Detective George Hartley testified that Sonja refused to speak to him. (Tr I, 138). Hartley also testified that he spoke to Defendant about the incident with Sonja. (Tr I, 174). Defendant admitted that his hand went up to [sic] Sonja's shorts when he was roughhousing with her. (Tr I, 174). Defendant withdrew his hand and apologized to Sonja. (Tr. I, 174).

Twenty-three-year-old Sonja Saari testified that when she was younger, she use[d] to wrestle with Defendant. (Tr I, 148). Saari denied that Defendant ever touched her inappropriately. (Tr I, 149). Saari also denied telling Tina Van Cleave that Defendant had fondled her vaginal area. (Tr I, 149).

Defendant testified on his own behalf and denied that he had any inappropriate sexual conduct with Tiffany. (Tr I, 161-162). Defendant admitted that he tickled Sonja and that his hand might have touched her when he was tickling her leg. (Tr I, 164).

Tina Van Cleave testified on rebuttal that Saari told her three separate times that Defendant had fondled her vagina. (Tr I, 176). Saari basically told Tina the same thing that Tiffany told her, specifically, that Defendant placed her on the washing machine and threatened her if she ever told anyone. (Tr I, 179-180).

Pl.-Appellee's Br. on Appeal, in *People v. Van Cleave*, No. 253946 (Mich. Ct. App.), at 3-5.

C.     *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing

legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Improper Bolstering (Claim I)*

Petitioner first contends that the prosecutor improperly bolstered the credibility of the victim through the testimony of the victim's mother and cousin. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

It is well established that habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a

federal court on habeas review "ha[s] no authority to review a state's application of its own laws).

Thus, unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an

issue concerning the admissibility of evidence does not rise to the level of a constitutional

magnitude. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483,

487 (6th Cir. 1987). "[A] federal habeas court has nothing whatsoever to do with reviewing a state

court ruling on the admissibility of evidence under state law. State evidentiary law simply has no

effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law

itself violates the Constitution." *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). As the

Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable

in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny

the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir.

1994). In short, "[o]nly when the evidentiary ruling impinges on a specific constitutional protection

or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas

corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999); *see also*, *Coleman v.

Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Where a specific constitutional right–such as the right

to confront witnesses or to present a defense–is not implicated, federal habeas relief is available only

if the allegedly erroneously admitted evidence "is almost totally unreliable and . . . the factfinder and

the adversary system will not be competent to uncover, recognize, and take due account of its

shortcomings." *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983).

Similarly, for habeas relief to be warranted on the basis of prosecutorial misconduct it is not

enough that the prosecutor's conduct was "undesirable or even universally condemned." *Darden

v. Wainwright*, 477 U.S. 168, 181 (1986). Rather, the misconduct must have "so infected the trial

8

with unfairness as to make the resulting conviction a denial of due process." *Id.* (internal quotation omitted). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). In determining whether the prosecutor's conduct was so egregious as to warrant habeas relief, a court should consider "the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury; and the strength of the competent proof to establish the guilt of the accused." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (internal quotations and citations omitted). In sum, to constitute a denial of due process the prosecutor's conduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial." *Id.* (internal quotation omitted). Further, a prosecutor does not commit misconduct by introducing admissible evidence or commenting on evidence admitted in the course of the trial during argument. *See Sweet v. Delo*, 125 F.3d 1144, 1154 (8th Cir. 1997); *Hammond v. Michigan Parole Bd.*, No. 04-73385, 2006 WL 2161028, at *16 (E.D. Mich. July 31, 2006) (Roberts, J., adopting Recommendation of Komives, M.J.).

2. *Analysis*

To the extent petitioner contends that the prosecutor committed misconduct, his claim is without merit. Improper vouching occurs either (1) "when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the [prosecutor's office] behind that witness," or (2) through "comments that imply that the prosecutor has special knowledge of facts not in front of the jury." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999); *see also*, *United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir.

2001).[2]  The prosecutor did not express a personal belief in the victim's credibility or suggest that she had knowledge of any special facts not placed before the jury.  On the contrary, petitioner's claim is that the prosecutor improperly placed before the jury inadmissible evidence.[3]

Thus, petitioner's claim raises one of evidentiary bolstering.  This claim fails, for two reasons.  First, it is far from clear that the bolstering testimony was improperly admitted as a matter of state law.  In some instances, the testimony of a victim's prior, consistent rape allegations may be relevant and admissible to rebut a defendant's claim that the victim is fabricating the charges. *See People v. Sabin*, 463 Mich. 43, 69 n.12, 614 N.W.2d 888, 902 n.12 (2000); *People v. Starr*, 457 Mich. 490, 501-02, 577 N.W.2d 673, 678 (1998); *cf*. MICH. R. EVID. 801(d)(1)(B) (prior consistent statement not hearsay if the declarant testifies at trial and that statement is offered to rebut a charge of recent fabrication).  Further, because petitioner accused the victim of lying, evidence of the victim's character for truthfulness was admissible under MICH. R. EVID. 608(a).  In any event, even if the evidence was inadmissible as a matter of state law, or as a matter of federal evidence law, petitioner cannot show that the introduction of this evidence deprived him of due process or any constitutional right.  On the contrary, "[b]olstering claims have been (expressly) held not to be cognizable on federal habeas review."  *Diaz v. Greiner*, 110 F. Supp. 2d 225, 234 (S.D.N.Y. 2000); *cf. Regan v. Hoffner*, 209 F. Supp. 2d 703, 715 (E.D. Mich. 2002) (Friedman, J.).  Accordingly, the

[2]Some cases referring to only the first type of comment as "vouching" and describe the second type of comment as "bolstering."  *See Francis*, 170 F.3d at 551.

[3]For this reason, petitioner's reliance on *Hodge v. Hurley*, 426 F.3d 368 (6th Cir. 2005), is misplaced.  In that case, the prosecutor during closing argument had expressed a personal belief in the veracity of the prosecution witnesses and misstated the evidence adduced at trial.  *See id.* at 379-83. Here, on the contrary, petitioner does not point to any improper prosecutorial comments which mischaracterized the evidence or expressed a personal belief in the victim's credibility.  Rather, petitioner's claim is directly solely at the admission of testimony which petitioner contends was inadmissible.

10

Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.      *Ineffective Assistance of Counsel (Claim II)*

Petitioner next contends that his trial counsel was ineffective in a number of respects. Specifically, petitioner contends that counsel was ineffective for: (1) failing to object to the bolstering evidence; (2) failing to object to inadmissible evidence; (3) failing to present an expert witness; and (4) stipulating to an amendment of the information. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.      *Clearly Established Law*

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*. at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial

11

strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695.

    2.    *Analysis*

        *a. Failure to Object to Bolstering and Request Curative Instruction*

Petitioner contends that counsel was ineffective for failing to object to the improper bolstering testimony or request a curative instruction regarding the testimony. The Court should conclude that petitioner is not entitled to relief on this claim.

With respect to the testimony of the victim's cousin, the Michigan Court of Appeals expressly held that this testimony was admissible as a matter of state law. *See Van Cleave*, 2005 WL 1123884, at *3, slip op. at 3-4. In analyzing petitioner's ineffective assistance of counsel claim, this expression of state law is binding on this Court. *See Basile v. Bowersox*, 125 F. Supp. 2d 930, 960 (E.D. Mo. 1999). *See generally*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Sarausad v. Porter*, 503 F.3d 822, 824 (9th Cir. 2007) ("A determination of state law by a state appellate court is . . . binding in a federal habeas action."). Thus, any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Bradley v. Birkett*, 192 Fed. Appx. 468, 475 (6th Cir. 2006); *Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993).

With respect to the testimony of the victim's mother regarding the victim's general character

for truthfulness, the court of appeals suggested, but did not expressly hold, that this testimony was admissible under Rule 608(a).  *See Van Cleave*, 2005 WL 1123884, at *3, slip op. at 3.  In any event, petitioner cannot show a reasonable probability that, had counsel objected, the result of the proceeding would have been different.  The victim's mother did not testify that she believed the victim was specifically telling the truth with respect to the allegations made by the victim.  Rather, she testified only that she generally considered the victim to be a truthful person.  *See* Trial Tr., Vol. I, at 76.  It is highly doubtful that a mother's testimony that her child is generally truthful would be a significant factor in the jury's assessment of the child's credibility.  Much less has petitioner shown a reasonable probability that without this brief, single reference to the victim's character for truthfulness the result of the proceeding would have been different.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b. Failure to Object to Inadmissible Evidence

Petitioner next contends that counsel was ineffective for failing to object to other inadmissible evidence at trial.  First, petitioner contends that counsel should have objected to the testimony of the victim's mother and cousin on hearsay grounds.  Again, however, the Michigan Court of Appeals explicitly rejected petitioner's hearsay argument with respect to the testimony of the victim's cousin, concluding that the testimony regarding the victim's prior accusations against petitioner was not hearsay because it was not offered for the truth of the matter asserted, but to show that the prior accusations had been made.  *See Van Cleave*, 2005 WL 1123884, at *3, slip op. at 3-4.  This reasoning applies equally to the mother's testimony regarding the victim's reporting of the assault to her grandmother.  Further, the evidence was not hearsay because it was evidence of a prior consistent statement offered to rebut a charge of fabrication.  *See* MICH. R. EVID. 804(d)(1)(B).

13

Thus, petitioner cannot establish a reasonably probability that an objection to this testimony would have been sustained, and therefore he cannot show that counsel was ineffective.

Petitioner also contends that counsel should have objected to a leading question asked of the victim by the prosecutor. During direct examination, the prosecutor asked the victim: "Okay. And you said on at least three occasions his finger would go into your vagina?" The victim responded, "Yes, ma'am." Trial Tr., Vol. I, at 25. Petitioner contends that, up to this point, the victim had not established the element of penetration, and thus counsel should have objected to this leading question. Petitioner cannot show a reasonable probability that the result of the proceeding would have been different had counsel objected to this question, for two reasons. First, even had counsel objected it is highly doubtful that the prosecutor would simply have given up; rather, the prosecutor likely would have rephrased the question in a non-leading way to elicit the facts of penetration. Second, contrary to petitioner's argument that element of penetration had already been established. Earlier in the examination, the prosecutor asked: "And when he touched your vaginal area, did his hands stay on the outside or the inside." *Id*. at 22. Petitioner argues that this testimony was not clear, because it occurred immediately after the victim testified that sometimes petitioner would touch her on top of her clothes and sometimes underneath her clothes. However, the prosecutor's question did not deal at all with the victim's clothes, and asked whether petitioner touched her on the outside or inside of her vagina. Further, even apart from this testimony, the victim explicitly testified to penetration on cross-examination. *See id*. at 47. Thus, petitioner cannot show a reasonable probability that the result of the proceeding would have been different had counsel objected to this question.

Finally, petitioner contends that counsel was ineffective for failing to object to the victim's

testimony that petitioner had smoke marijuana around her.  *See* Trial Tr., Vol. I, at 29.  Again, however, petitioner cannot establish a reasonable probability that the result of the proceeding would have been different had counsel objected to this testimony.  Even assuming it was inadmissible, it did not relate to the circumstances of the charges.  There was no suggestion that petitioner had given marijuana to the victim in order to accomplish the sexual assaults.  Nor did the prosecutor reference this testimony in her closing arguments.  In light of the brief and collateral nature of this evidence, there is not a reasonable probability that the result of the proceeding would have been different had counsel objected to this testimony.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### c.  Failure to Present Expert Witness

Petitioner next contends that trial counsel was ineffective for failing to produce an expert to testify at his trial.  Specifically, petitioner contends that counsel should have presented the testimony of Dr. Michael Abramsky, whom had been hired by petitioner's initial appointed counsel to evaluate the victim.  Petitioner asserts that "Dr. Abramsky was prepared to testify that the complainant's alleged reactions did not comport with those of a child victim of sexual misconduct," and that "Mr. Van Cleave did not meet the majority of indicators typically associated with sex offenders."  Br. in Supp. of Pet., at 22.  Prior to trial, the parties stipulated that Dr. Abramsky would be permitted to testify concerning the typical reactions of child abuse victims, but would not be permitted to testify as to whether the victim had actually been abused.  Further, the prosecutor indicated her intention to call an expert rebuttal witness if Dr. Abramsky testified.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

With respect to petitioner's claim that Dr. Abramsky could have testified that petitioner did

not meet the indicators typically associated with sex offenders, petitioner cannot show that counsel was ineffective. The Michigan Court of Appeals has repeatedly concluded that this type of sex offender profile evidence is not admissible, *see People v. Steele*, 283 Mich. App. 472, 481-82, 769 N.W.2d 256, 264 (2009); *People v. Dobek*, 274 Mich. App. 58, 94-104, 732 N.W.2d 546, 571-76 (2007), including in cases involving such testimony from Dr. Abramsky, *see People v. Schneider*, No. 273421, 2007 WL 1202322, at *4-*6 (Mich. Ct. App. Apr. 24, 2007) (per curiam); *People v. Bales*, No. 267756, 2007 WL 1203536, at *6 (Mich. Ct. App. Apr. 24, 2007) (per curiam); *People v. Winer*, No. 267299, 2007 WL 1138399, at *2 (Mich. Ct. App. Apr. 17, 2007).

With respect to petitioner's claim that Dr. Abramsky could have testified regarding the typical reactions of child abuse victims, petitioner cannot establish prejudice. First, it would not be enough for petitioner to show that Dr. Abramsky's testimony could have impacted the victim's credibility. As noted above, the prosecutor made it quite clear that, if Dr. Abramsky were called, the prosecutor would present its own expert witness in rebuttal. In evaluation prejudice, "it is necessary to consider *all* the relevant evidence that the jury would have had before it if [counsel] had pursued the different path–not just the . . . evidence [counsel] could have presented, but also the [rebuttal evidence] that almost certainly would have come in with it." *Wong v. Belmontes*, ___ U.S. ___, No. 08-1263, 2009 WL 3805746, at *3, slip op. at 6 (U.S. Nov. 16, 2009) (per curiam).

Further, petitioner has provided no offer of proof to show that Dr. Abramsky was willing to testify on his behalf and what that testimony would have been. An evidentiary hearing was not held in the state courts, and thus Dr. Abramsky's testimony does not appear in the record.[4] It is petitioner's burden to establish the elements of her ineffective assistance of counsel claim. *See*

---

[4]Petitioner's request for an evidentiary hearing in this Court is addressed below.

*United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same). "Generally, a petition for habeas corpus relief based on counsel's failure to call witnesses must present this evidence in the form of the actual testimony by the witness or affidavits." *United States ex rel. Townsend v. Young*, No. 01 C 0800, 2001 WL 910387, at *5 (N.D. Ill. Aug. 8, 2001) (citing *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)); *see also*, *Pittman v. Florida*, No. 8:05-cv-1700, 2008 WL 2414027, at *12 (M.D. Fla. June 11, 2008). Here, the record contains no testimony, affidavit, or report of Dr. Abramsky establishing that Dr. Abramsky was in fact willing and able to testify on petitioner's behalf, nor detailing the substance of that testimony. In these circumstances, petitioner has failed to carry his burden of establishing prejudice. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Dell v. Straub*, 194 F. Supp. 2d 629, 650-51 (E.D. Mich. 2002) (Friedman, J.). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### d. Stipulating to Amendment of Information

Finally, petitioner contends that counsel was ineffective for stipulating to the amendment of the information prior to the second trial. The Court should conclude that petitioner is not entitled to habeas relief on this claim. The Michigan Court of Appeals concluded that the amendment of the information was proper as a matter of state law. *See Van Cleave*, 2005 WL 1123884, at *1, slip op. at 1-2. Because amendment of the information was proper as a matter of state law, petitioner cannot show that counsel was ineffective for failing to object. *See Tirado v. Senkowski*, 367 F. Supp. 2d 472, 491 (W.D.N.Y. 2005). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

17

3.      *Evidentiary Hearing*

Petitioner for the most part argues that the merit of his ineffective assistance claims is apparent from the record.  He alternatively argues, however, that if the Court concludes otherwise the Court should hold an evidentiary hearing on his claims.  The Court should conclude that petitioner is not entitled to an evidentiary hearing.  In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2).  Petitioner's request for an evidentiary fails under both Rule 8 and § 2254(e)(2).

In making the determination of whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963).  As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citations and footnote omitted).  Thus, "'an evidentiary hearing is not required on issues that can be resolved by reference to the state court

18

record.'" *Id.* (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).  Here, an evidentiary hearing would not have the potential to advance petitioner's ineffective assistance of counsel claims.

As explained above, with the exception of petitioner's claim relating to the failure of counsel to present Dr. Abramsky's testimony, petitioner's ineffective assistance of counsel claims fail because petitioner cannot establish prejudice.  And this prejudice analysis is fully answered by the existing record.  For example, whether petitioner was prejudiced by counsel's failure to object to the bolstering testimony depends on whether the evidence was admissible as a matter of state law and prejudicial in light of the evidence at trial; nothing outside the record would alter the Court's resolution of this issue.  The same is true for petitioner's claims relating to counsel's failure to lodge other evidentiary objections and to object to the amendment of the information.

With respect to Dr. Abramsky's testimony, an evidentiary hearing could have the potential to advance petitioner's claims by providing the Court with the content of Dr. Abramsky's testimony. However, with respect to this claim and petitioner's other ineffective assistance claims petitioner is not entitled to an evidentiary hearing under § 2254(e)(2).  Pursuant to 28 U.S.C. § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of the a claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless" one of two exceptions is met.  28 U.S.C. § 2254(e)(2).  Here, an evidentiary hearing is not permissible because petitioner has "failed to develop the factual basis" of his ineffective assistance claim in the state courts.  In *Michael Williams v. Taylor*, 529 U.S. 420 (2000),[5] the Court explained that Congress' use of the term "'failed

---

[5]This case should not be confused with the *Williams v. Taylor* case discussed in part C, *supra*, in which the Court explained the standard of review under § 2254(d).  Although both cases bear the same caption and were decided on the same date, the petitioners differed in the two cases.  For clarity, I refer to the case discussing § 2254(e)(2) by the petitioner's full name–"Michael Williams"–rather than just by "Williams" as is the ordinary citation convention.  *See Watkins v. Miller*, 92 F. Supp. 2d 824, 828 n.1 (S.D. Ind. 2000) (taking same approach).

to develop' implies some lack of diligence[.]" *Id.* at 430. Thus, "[u]nder the opening clause of §

2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of

diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 432.

Under Michigan law, to develop the factual basis of his ineffective assistance of counsel claim

petitioner was required to file a motion for a new trial and evidentiary hearing in the trial court or

a motion to remand for that purpose in the court of appeals. *See People v. Ginther*, 390 Mich. 436,

443-44, 212 N.W.2d 922, 925 (1973); *People v. Gray*, 125 Mich. App. 482, 486, 336 N.W.2d 491,

493 (1983). Here, neither the court of appeals materials submitted by respondent nor the trial court

docket sheet reflects the filing of a motion for an evidentiary hearing on any claim.

It is true, as petitioner suggests, that counsel did alternatively request a *Ginther* hearing in

addition to a new trial in the body of his appellate brief. This request, however, was a single

sentence seeking alternative relief at the conclusion of counsel's argument regarding the ineffective

assistance claim. The Michigan Court Rules, however, require that such a request for an evidentiary

hearing be made in a separate motion. *See* MICH. CT. R. 7.211(C)(1). Petitioner's "alternative

request in [his] appellate brief for a *Ginther* hearing is not a timely *motion* for remand as required

by MCR 7.211(C)(1)." *People v. Fisher*, No. 262961, 2007 WL 283799, at *2 n.2 (Mich. Ct. App.

Feb. 1, 2007) (per curiam); *see also*, *People v. Carter*, No. 232862, 2003 WL 887594, at *4 (Mich.

Ct. App. Mar. 6, 2003) (per curiam) (*Ginther* hearing not properly requested when request was made

as alternative relief request in body of brief and request was included in neither statement of

appellate claims nor a properly filed motion). Petitioner's seeking of this alternative relief in the

body of his appellate brief was insufficient to constitute diligent pursuit of an evidentiary hearing

under § 2254(e)(2), in light of Rule 7.211(C)(1) and the Michigan courts' interpretation of that rule.

*See Torrez v. McKee*, 601 F. Supp. 2d 920, 952 (W.D. Mich. 2009); *Burt v. Berghuis*, No. 1:02-cv-623, 2007 WL 2491106, at *24 & n.3 (W.D. Mich. June 13, 2007), *magistrate's report adopted by* 2007 WL 2791105 (W.D. Mich. Sept. 24, 2007).

Further, even if petitioner's request for an evidentiary hearing as alternative relief could constitute diligent pursuit of a state court evidentiary hearing, it would not do so here because petitioner's request otherwise failed to comply with Rule 7.211(C)(1). That rule requires that a motion to remand show that "the development of a factual record is required for appellate consideration of the issue," and "be supported by affidavit or offer of proof regarding the facts to be established at the hearing." MICH. CT. R. 7.211(C)(1)(a). Petitioner's alternative request for relief did not attempt to demonstrate the necessity of a further factual record; indeed, it did not discuss the need for a hearing at all beyond simply requesting one. Nor, as the court of appeals observed, was petitioner's appellate brief accompanied by any offer of proof regarding Dr. Abramsky's proposed testimony. *See People v. Murray*, No. 239287, 2003 WL 22244699, at *4 n.4 (Mich. Ct. App. Sept. 30, 2003) (per curiam)("MCR 7.211(C)(1)(a)(ii) specifically requires that a motion to remand 'must be supported by affidavit or other proof regarding the facts to be established at a hearing.' A request to remand, presented as proposed relief in a party's appellate brief, must also meet this preliminary threshold before this Court will grant relief."); *see also*, *People v. Hawthorne*, No. 280289, 2009 WL 454927, at *2 n.1 (Mich. Ct. App. Feb. 24, 2009) (per curiam). Petitioner's failure to make an offer of proof as required by Rule 7.211(C)(1)(a) renders his attempt to develop the factual basis of his claim less than diligent under § 2254(e)(2). *See Moore v. Berghuis*, No. 00-CV-73414, 2001 WL 277047, at *7 (E.D. Mich. Feb. 28, 2001) (Steeh, J.). In short, petitioner failed to comply in a number of respects with the state requirements for obtaining an evidentiary hearing.

21

He thus did not diligently attempt to develop the factual basis of his claim in state court, and is not entitled to an evidentiary hearing here. *See Michael Williams*, 529 U.S. at 437 (§ 2254(e)(2) diligence requires "that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law."); *Smith v. Bowersox*, 311 F.3d 915, 921 (8th Cir. 2002) (petitioner's "failure to comply with [state] law reflects a lack of diligence."). Accordingly, the Court should conclude that petitioner is not entitled to an evidentiary hearing.

F.      *Recommendation Regarding Certificate of Appealability*

1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to

22

deserve encouragement to proceed further.""" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999)

(quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893

n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new

Act does, however, require that certificates of appealability, unlike the former certificates of

probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C.

§ 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254

Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a

certificate of appealability "state the specific issue or issues that satisfy the showing required by §

2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of

Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not

issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id*., advisory

committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either

grant or deny the certificate of appealability at the time of its final adverse order, I include a

recommendation regarding the certificate of appealability issue here.

2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the

Court should also deny a certificate of appealability.  As explained above, petitioner's bolstering

claim presents not a prosecutorial misconduct claim, but an evidentiary claim.  And it is clear that

a claim of improper evidentiary bolstering does not raise a constitutional claim cognizable on habeas

23

review.  Thus, the resolution of this claim is not reasonably debatable.  With respect to petitioner's ineffective assistance of counsel claims, because the evidentiary objections petitioner contends counsel should have lodged were without merit, or because the record establishes that the evidence admitted was not prejudicial, the resolution of these claims is not reasonably debatable.  Likewise, because the state court concluded that the information was properly amended as a matter of state law, it is not reasonably debatable that counsel was not ineffective for failing to object to the amendment.  Finally, it is not reasonably debatable that petitioner failed to provide any evidence as to Dr. Abramsky's proposed testimony, or that petitioner is not entitled to an evidentiary hearing to develop such evidence.  Accordingly, if the Court accepts my recommendation that the petition be denied, the Court should also deny a certificate of appealability.

G.     *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity,

will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 12/7/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on December 7, 2009.

s/Eddrey Butts
Case Manager